# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# DELTA DIVISION

REGINALD DUNAHUE
ADC #106911                                                              PLAINTIFF

v.                              No. 2:18-cv-103-DPM

WENDY KELLEY, Director, Arkansas
Department of Correction, *et al.*                                       DEFENDANTS

## ORDER

1. Motion for copies, № 109, granted. The Court directs the Clerk to mail Dunahue a copy of the docket sheet with this Order.

2. On *de novo* review, the Court declines the recommendation, № 106, without prejudice. FED. R. CIV. P. 72(b)(3). As the Magistrate Judge notes, failing to appear for one's deposition arguably amounts to a failure to prosecute, which can warrant dismissal. FED. R. CIV. P. 41(b). In the circumstances, though, dismissal is also akin to a discovery sanction, which requires a more searching inquiry: There must be "(1) an order compelling discovery, (2) a willful violation of the order, and (3) prejudice to the other party." *Comstock v. UPS Ground Freight, Inc.*, 775 F.3d 990, 992 (8th Cir. 2014) (quotation omitted). And in our circuit, the Court also "must investigate whether a sanction less extreme than dismissal would suffice, *unless* the party's failure was deliberate or in bad faith." *Avionic Co. v. General Dynamics Corp.*,

957 F.2d 555, 558 (8th Cir. 1992) (emphasis original). The record here needs fleshing out. The Court therefore returns the case to the Magistrate Judge for a supplemental recommendation on whether Dunahue's discovery violation warrants dismissal under Rule 37's more exacting standard.

So Ordered.

*DPMarshall Jr.*
D.P. Marshall Jr.
United States District Judge

11 December 2019