IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

REGINALD DUNAHUE
ADC #106911                                                                                    PLAINTIFF

v.                    No. 2:18-cv-103-DPM-PSH

WENDY KELLEY, Director, Arkansas
Department of Correction, *et al.*                             DEFENDANTS

## ORDER

On *de novo* review, the Court adopts Magistrate Judge Harris's partial recommendation, Doc. 139, as supplemented and overrules Dunahue's objections, Doc. 140 & 143. FED. R. CIV. P. 72(b)(3). To the extent Dunahue seeks summary judgment, his motion is premature. Doc. 136.

Dunahue says his motion should have been read as another motion for preliminary injunctive relief rather than one for summary judgment, Doc. 141. His objections probe the familiar *Dataphase* factors for preliminary injunctions. *Dataphase Systems, Inc. v. C L Systems, Inc.*, 640 F.2d 109, 112 (8th Cir. 1981). As the Court has previously stated, courts must view prisoners' requests for injunctive relief "with great caution because judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration." *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995) (quotation omitted). Further,

the "burden of demonstrating that a preliminary injunction is warranted is a heavy one where, as here, granting the preliminary injunction will give plaintiff substantially the relief it would obtain after a trial on the merits." *Dakota Industries, Inc. v. Ever Best Ltd.*, 944 F.2d 438, 440 (8th Cir. 1991). Viewed with this caution, Dunahue's motion still doesn't show that irreparable harm is likely without a preliminary injunction. To the extent he seeks that relief, his motion, *Doc. 136*, is therefore denied without prejudice. Defendants' motion to stay, *Doc. 138*, and Dunahue's motion to correct the docket, *Doc. 141*, are denied as moot.

    So Ordered.

*[signature]*
D.P. Marshall Jr.
United States District Judge

10 March 2021