IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

REGINALD DUNAHUE
ADC #106911                                                          PLAINTIFF

v.                          No. 2:18-cv-103-DPM

WENDY KELLEY, Director, Arkansas
Department of Correction; MARSHALL
D. REED, Chief Deputy, Arkansas Department
of Correction; JEREMY C. ANDREWS, Warden
EARU, ADC; JAMES DYCUS, Deputy Warden,
EARU, ADC; DAVID KNOTT, Major, EARU,
ADC; and STEPHANIE PALMER, Sergeant,
East Arkansas Maximum Security Unit, ADC                             DEFENDANTS

ORDER

1. On *de novo* review, the Court mostly adopts and partly declines the recommendation, Doc. 173, and mostly overrules and partly sustains Dunahue's objections, Doc. 174. FED. R. CIV. P. 72(b)(3).

2. The recommendation addresses a point not raised in the defendants' motion for summary judgment, Doc. 161: Dunahue's Eighth Amendment conditions-of-confinement claim about inadequate heating in the isolation unit. Dunahue objects to the recommended dismissal of that claim, pointing to his grievances and two affidavits establishing that he and other inmates complained of extremely cold temperatures. Doc. 174 at 9. Dunahue made claims about numerous

poor conditions. This one was apparently overlooked by defendants. It was not explored in Dunahue's deposition. *Doc. 161-1*. And the defendants did not argue the point in their summary judgment briefing. *Doc. 163*. The recommendation correctly identifies the governing legal standard: the severity and the duration of the challenged conditions must be evaluated to determine whether the Eighth Amendment was violated. *Taylor v. Riojas*, 141 S. Ct. 52, 53–54 (2020) (per curiam). The Court is mindful that granting summary judgment on grounds not raised, without proper notice, can be prejudicial and therefore error. *Merechka v. Vigilant Insurance Co.*, 26 F.4th 776, 787–88 (8th Cir. 2022).

Dunahue alleged in his second amended complaint that "[i]solation lacks heating during cold seasons." *Doc. 7 at 8*. It is undisputed that Dunahue was housed in punitive isolation for at least the last three months of 2017 and from 18 January 2018 through the end of that year's winter season. *Doc. 161-1 at 3 & 10*. His November 2017 grievances described temperatures in the unit as "extremely low" and "excessively cold." *Doc. 50 at 35 & 100*. Dunahue has offered two affidavits from other prisoners housed in punitive isolation. *Doc. 166 at 12-14*. The affidavits indicate that the heating problems in punitive isolation still existed in December 2018. *Doc. 166 at 12 & 14*. The other prisoners describe temperatures in the unit as "extreme[ly] cold" and "frigid." *Doc. 166 at 12 & 14*. On the current record, it is therefore

undisputed that it was uncomfortably cold in the isolation unit for unknown periods of time between January and March 2018.

It's true that Dunahue had notice that the defendants sought dismissal with prejudice of all his claims. *Doc. 161*. He responded vigorously. His papers do not establish the precise range of temperatures during the many months he was in isolation. On that point, Dunahue says in his objections that he was denied discovery on temperature records in the isolation unit. *Doc. 174 at 9*. The Court is unable to determine when or how he sought those records or if any such records exist. In terms of severity, the precedent almost always requires freezing temperatures to make out a solid Eighth Amendment violation. *Doc. 173 at 15–16*.

In the circumstances, the Court reopens the record and requests additional, pointed briefing. Dunahue and the defendants may supplement the record with evidence about the severity and duration of cold temperatures in the isolation unit from November 2017 through March 2018. The defendants may renew their motion for summary judgment on this claim in due course.

**3**. Motion for summary judgment, *Doc. 161*, mostly granted and partly denied without prejudice. Dunahue's conditions-of-confinement claim about inadequate heating in the isolation unit will go forward. His Eighth Amendment claims based on all other conditions are dismissed with prejudice. His official capacity claims for

money damages, his claims about being shackled during recreation time, and his due process claims against Knott, Dycus, Reed, and Andrews are also dismissed with prejudice. Given the Court's familiarity with the temperature issue, and the good work that the Magistrate Judge has already done on it, the referral is withdrawn. Any motion for summary judgment is due by 31 May 2022. The Court will decide if a trial is needed on that issue based on a more complete record and focused briefing.

    So Ordered.

*/s/ D.P. Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

28 March 2022