IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

REGINALD DUNAHUE
ADC #106911                                                                PLAINTIFF

v.                          No. 2:18-cv-103-DPM

WENDY KELLEY, Director, Arkansas
Department of Correction; MARSHALL
D. REED, Chief Deputy, Arkansas Department
of Correction; JEREMY C. ANDREWS, Warden,
EARU, ADC; JAMES DYCUS, Deputy Warden,
EARU, ADC; DAVID KNOTT, Major, EARU,
ADC; and STEPHANIE PALMER, Sergeant,
East Arkansas Maximum Security Unit, ADC          DEFENDANTS

ORDER

The case is down to the temperature issue. The parties have filed cross motions for summary judgment. The Court concludes, however, that genuine issues of material fact exist. Depending upon their severity and duration, conditions of confinement, including heat and the lack of it, can violate the Eighth Amendment. *Taylor v. Riojas*, 141 S. Ct. 52, 53-54 (2020) (*per curiam*). As the Seventh Circuit observed in a similar case, the combination of circumstances involved make this kind of claim "peculiarly appropriate for resolution by the trier of facts." *Dixon v. Godinez*, 114 F.3d 640, 643 (7th Cir. 1997).

According to an affidavit from the Warden of the East Arkansas Regional Unit, temperatures are checked twice a day. Dunahue was in the isolation unit between November 2017 and March 2018. The logs reflect that the temperature there during that four-month period was usually in the range of 60°-70° Fahrenheit. The logs show one extreme temperature: 45.7° on one January day. The Warden also says prisoners have thermal underwear and blankets. *Doc. 183-1*.

In his brief, which he affirmed under oath, Dunahue says the winter was "really cold"—outside temperatures were, he says, between 19° and 12° at night. There are twelve large (5' x 3') exhaust fans pulling air into the unit from the outside. He says the fans ran all the time. He also says the officers "didn't cut the Punitive Iso. heater on." *Doc. 181 at 1, 3-5*. Earlier in the case, he offered two affidavits from other prisoners confined there at the same time. They described the conditions as "extreme cold" and "frigid." *Doc. 165 at 12 & 14*. In a supplemental deposition, Dunahue testified that his thermal underwear was stolen and the officers refused to replace it. He said he had one blanket—extras were refused. *Doc. 183-4 at 7-8*. He also said the cold conditions resulted in his having a sore throat and a runny nose.

Dunahue's declaration about the temperatures is generalized, especially as compared with the prison logs. But the Court cannot make credibility calls on summary judgment. *Nelson v. Correctional*

*Medical Services*, 583 F.3d 522, 528 (8th Cir. 2009). It's unclear how the prison checked the temperatures. The logs often reflect "P.M." checks in the afternoon, and where a time is shown, "A.M." checks are in the late morning. Dunahue is complaining about the cold during the night. Plus, taking the disputed facts in his favor at this point, Dunahue had no thermal underwear and one blanket. And the cold nights lasted for four months. A jury could reasonably return a verdict for him if it believed Dunahue and concluded that the logs were not conclusive on the nighttime temperatures. Of course, Dunahue is not entitled to summary judgment either because the jury might disbelieve him and credit the logs and other evidence.

    The officers are not entitled to qualified immunity at this point. The disputed material facts prevent the Court from ruling, as a matter of law, that the combination of circumstances did not create an unconstitutional condition. *Gregoire v. Class*, 236 F.3d 413, 417 (8th Cir. 2000). The applicable law is clearly established. Prisoners are not entitled to comfortable conditions, but neither must they endure extreme cold without extra clothes or blankets for an extended period. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994); *Dixon v. Godinez*, 114 F.3d 640, 642-43 (7th Cir. 1997); *Henderson v. DeRobertis*, 940 F.2d 1055, 1059 (7th Cir. 1991) (collecting cases).

    Motions, *Doc. 180 & 183*, denied. The Court returns the case to the Magistrate Judge to appoint counsel for trial. The Court encourages

Dunahue and the defendants to consider consenting to trial before the Magistrate Judge. One could be provided promptly. This older case needs resolution. If consents are not received by 28 November 2022, a Final Scheduling Order for trial before me will issue.

So Ordered.

*/s/ D.P. Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

28 October 2022